**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Chet Smith (2018-0909024), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22 C 1678 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| Cook County, Illinois, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

    Plaintiff paid the filing fee associated with this action [4]. Summonses, however, shall not issue. Plaintiff's complaint [1] is dismissed without prejudice because it fails to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that complies with this order. Failure to submit an amended complaint by July 29, 2022, will result in summary dismissal of this lawsuit. The Clerk of Court is directed to send Plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order. Initial telephonic status hearing set for June 23, 2022 is stricken and will be reset after the Court reviews any amended complaint that Plaintiff may file.

**STATEMENT**

    Plaintiff Chet Smith, a detainee at Cook County Jail, brings this *pro se* federal civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee associated with this action (Dkt. 4). Currently before the Court is Plaintiff's complaint [1] for initial review.

    Under 28 U.S.C. § 1915A, the Court is required to screen *pro se* prisoners' complaints and dismiss them if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. See *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff indicates [see 1, at 4] that he has a pending lawsuit, Case No. 19-cv-6816, against Chicago police officers and the City of Chicago regarding his arrest in 2018. He further alleges that Chicago police officers and State's Attorney Jenkins conspired to arrest and indict Plaintiff in 2018. [*Id*., at 5.] He also alleges that the State's Attorney returned an indictment against him, but the indictment was not signed by members of the grand jury. [*Id*.] Finally, Plaintiff claims that the State's Attorney has withheld exculpatory evidence. [*Id*., at 7.]

In summary, Plaintiff alleges that the State's Attorney is guilty of conspiracy, *Brady* violations, undue delay in trial, and charging and prosecuting Plaintiff without probable cause. [*Id*., at 8.] He acknowledges that the State's Attorney has immunity from such claims, "however, Cook County IL. is not." [*Id*.] Plaintiff names Cook County, Illinois, as the sole defendant and alleges that it failed to properly train the State's Attorney on how to obtain an indictment. [*Id*., at 10.] He alleges that 92% of indictments are rubber stamped and not signed by the grand jury, resulting in a violation of his constitutional rights. [*Id*.]

It appears that Plaintiff is attempting to raise a failure to properly train claim against Cook County, Illinois. While Plaintiff includes many allegations of alleged wrongdoing by police officers, he is already proceeding with those claims in another lawsuit. In addition, he provides many allegations as to the conduct of the State's Attorney, but he acknowledges immunity of the State's Attorney. The only specific claim as to the sole named Defendant is a failure to train claim based on the lack of signatures on the indictment. However, the absence of signatures does not rise to a constitutional violation. *People v. Benitez*, 169 Ill. 2d 245, 252–53 (1996) ("the mere absence of signatures is not fatal to an otherwise valid indictment"); *People ex rel. Merrill v. Hazard*, 361 Ill. 60, 63 (1935) (the Court is "of the opinion that the signature of the foreman of the grand jury is required only as a matter of direction to the clerk and for the information of the court; that its presence or absence does not materially affect any substantial right of the defendant; and that it neither assures to him nor prevents him from having a fair trial."); see also *United States v. Irorere*, 228 F.3d 816, 831 (7th Cir. 2000) ("Because the alleged failure of the grand jury foreperson and the attorney for the government to sign the indictment would be mere technical deficiencies, and because the defendant does not allege that the indictment did not adequately inform him of the charges against him or otherwise prejudice his defense, the defendant's challenge to the sufficiency of the indictment is without merit.").

Furthermore, Plaintiff has failed to state a failure to train claim against Cook County, Illinois. A plaintiff pleading a claim premised on a failure to train must meet a high threshold to establish the claim because "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "A municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the [untrained employees] come into contact. Only then can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983." *Connick*, 563 U.S. at 61 (internal quotation marks and citations omitted).

"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference" in the failure-to-train context. *Connick*, 563 U.S. at 62 (internal quotation marks omitted). Here, Plaintiff has failed to sufficiently allege a pattern

of similar constitutional violations other than his conclusory allegation that 92% of indictments are not signed (which as indicated above, does not amount to a constitutional violation in any event).

Further, Plaintiff's allegation does not fall within the "narrow range of circumstances" where the Supreme Court has allowed a "single-incident" theory of *Monell* liability might be sufficient. To fall within that range, the alleged harm must be a "highly predictable consequence" of a policy. *Connick*, 563 U.S. at 63 (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)). In *Connick*, the Court found that the failure to train prosecutors on their obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), did not fall under that "narrow range" because a *Brady* violation was not an "obvious consequence" of that failure to train, given that prosecutors are independently equipped and ethically obligated to understand and comply with *Brady*. *Connick*, 563 U.S. at 63-64. The same would apply to the State's Attorney who are also independently equipped and ethically obligated to understand and comply criminal procedures and requirements.

In view of the foregoing analysis, the Court dismisses Plaintiff's complaint without prejudice. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that complies with this order. Any amended complaint must be submitted on the Court's required form. See Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any documents Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files. Plaintiff must also submit a completed USM-285 form for each Defendant.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions, a USM-285 form, and a copy of this order. Failure to submit an amended complaint and a corresponding USM-285 for each Defendant by the date set forth above will result in summary dismissal of this lawsuit.

Dated: June 22, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Robert M. Dow, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge